```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

_____
                              )
DEUTSCHE BANK TRUST COMPANY   )
AMERICAS, et al.,             )
     Plaintiffs,              )    Civil Action No.
                              )    11-10982-NMG
         v.                   )
                              )
ANNE G. TAYLOR, et al.,       )
     Defendants.              )
_____)
```

ORDER

**GORTON, J.**

For the reasons stated below, the motion of defendant Richard Paniagua (#123) for appointment of counsel is DENIED WITHOUT PREJUDICE.

Although the Court "may request an attorney to represent any person unable to afford counsel," 28 U.S.C. §1915(e)(1), a civil plaintiff lacks a constitutional right to free counsel, see DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). The Court does not have the funds to pay attorneys to represent plaintiffs in civil cases, and it is very difficult for the Court to find attorneys who will accept appointment as pro bono counsel. To qualify for this scarce resource, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. See id. at 23. In determining whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total

situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  See id. at 24.

At this juncture of the litigation, extraordinary circumstances that would justify the appointment of pro bono counsel do not exist.  The defendant has already filed an answer (#122)[1], and this case has been stayed indefinitely until further order by the United States Bankruptcy Court for the District of Delaware or further order of this Court, see Order (#124).  Until it is apparent when, where, and in what manner this action will proceed in this Court, the appointment of pro bono counsel is not justified.[2]

---

[1] The order (#124) granting the plaintiffs' motion to modify the stay order requires that all defendants or their counsel "enter an appearance in this case within 30 days" of the date of the order."  Id. ¶ 3.  Paniagua's filing of an answer satisfies this requirement.

[2] Plaintiffs represent that, on August 16, 2011, they filed with the United States Judicial Panel on Multidistrict Litigation a motion to transfer and consolidate this action with forty-three other lawsuits that the plaintiffs filed in federal courts across the country against shareholders of Tribune Company.  See Plaintiffs' Motion to Modify Stay Order (#118) at 2.  The plaintiffs predict that these actions "will likely be consolidated and transferred to the Southern District of New York or another transferee district."  Id. at 3.

As the appointment of pro bono counsel by this Court would only be for proceedings in the District of Massachusetts, it would be imprudent to appoint counsel without knowing the extent to which the present action will be adjudicated in this Court.

2

Accordingly:

1.  The motion (#123) for appointment of counsel is DENIED WITHOUT PREJUDICE.

2.  The Clerk shall also send the plaintiff a copy of the November 2, 2011 order (#124) granting the plaintiffs' motion to modify the stay order.

**So ordered.**

                                        /s/ Nathaniel M. Gorton
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated: December 16, 2011